# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED EUGENE SHALLOWHORN, | 1:07-cv-01667-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| A. MOLINA, et al., | (Doc. 13.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN 30 DAYS |

**I.    RELEVANT PROCEDURAL HISTORY**

Alfred Eugene Shallowhorn ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 26, 2007 at the Sacramento Division of the United States District Court for the Eastern District of California. (Doc. 1.)  The case was transferred to the Fresno Division on November 19, 2007.  (Doc. 4.)  On May 26, 2009, the Court issued an order dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 8.) On August 21, 2009, Plaintiff filed the First Amended Complaint, which is presently before the Court for screening.  (Doc. 13.)

**II.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
3  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
4  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
5  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

6       A complaint is required to contain only "a short and plain statement of the claim showing that
7  the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
8  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
9  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell
10 Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  "[P]laintiffs [now]
11 face a higher burden of pleadings facts . . ," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009),
12 and while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted
13 inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation
14 marks and citation omitted).

15      To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations
16 sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret
17 Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of
18 meeting this plausibility standard.  Id.

19 **III.   SUMMARY OF AMENDED COMPLAINT**

20      Plaintiff is presently incarcerated at Centinela State Prison in Imperial, California.  At the
21 time of the events at issue in the complaint, Plaintiff was apparently incarcerated at Kern Valley
22 State Prison in Delano, California.[1]  Plaintiff names as defendants the California Department of
23 Corrections and Rehabilitation ("CDCR"); A. Molina and R. Thomas (Correctional Counselors); E.
24 Medina and R. Fisher, Jr. (Captains); Tony Hedgpeth (Warden); J. P. Gonzales (Associate Warden);

---

[1] Plaintiff does not state in the Complaint or the First Amended Complaint where the alleged events took place.  However, Plaintiff names Tony Hedgpeth as a defendant, stating that Hedgpeth was Warden at the time of the violations, which allegedly occurred in 2006 and 2007.  According to CDCR records, Anthony Hedgpeth was Warden at Kern Valley State Prison from 2007 to 2008.  Further, Plaintiff was incarcerated at Kern Valley State Prison when he filed the Complaint commencing this action on October 26, 2007.

2

C. J. Chrones (Chief Deputy Warden); D. Smith; James E. Tilton (Director of Corrections); Michael H. Jensen (Director's Level Appeals Examiner); N. Grannis (Chief of Inmate Appeals Branch); and an undetermined number of John Doe Defendants (CDCR employees).

Plaintiff alleges as follows in the First Amended Complaint. In 1998, Plaintiff was convicted of three counts of murder in a drive-by shooting resulting in the deaths of three individuals, one who was sixteen years old at the time. Based on the minor status of the sixteen-year-old victim, prison officials invoked Title 15, Section 3173.1, of the California Code of Regulations (CCR tit. 15 § 3173.1) to restrict Plaintiff's visits with minors. Section 3173.1 imposes visiting restrictions on inmates arrested for or convicted of offenses involving minors, including sex offenses and homicide.

On June 13, 2006, the Unit Classification Committee, composed of defendants Fisher, Thomas, and Molina, prohibited any visitation between Plaintiff and his minor children, on defendant Molina's recommendation, based on CCR tit. 15, §§ 3173.1 & 3177(B)(1). The decision was made without an Institutional Classification Committee ("ICC") hearing, without an individualized determination that Plaintiff posed a threat to his minor children, and without evidence that Plaintiff posed such a threat. The prohibition remained in place until January 8, 2007.

On June 13, 2006, Plaintiff filed a 602 appeal of the Committee's decision. With regard to the appeal, defendant Thomas interviewed Plaintiff, and defendants Thomas, Gonzalez, and Medina investigated and denied the appeal.

On January 8, 2007, the ICC, comprised of defendants Gonzales, Fisher, Smith, and Molina prohibited contact visitation between Plaintiff and his minor children based on § 3173.1(d), without an individualized determination or any evidence of risk of harm.

On November 7, 2006, Plaintiff filed another appeal. Defendant Chrones partially granted the appeal, allowing Plaintiff non-contact visitation with his children. Defendant Chrones denied Plaintiff contact visitation, relying on alleged Committee findings from June 12, 2006 and January 8, 2007 that a minor was "intentionally, wilfully, and deliberately" victimized and that Plaintiff was "a threat to the safety of minors."

Plaintiff then pursued the appeal to the Director's Level. Defendants Tilton, Grannis, and Jensen denied and/or contributed to the denial of Plaintiff's appeal at the Directors' Level and thus

caused or failed to prevent the unlawful denial of contact visits between Plaintiff and his children.

Warden Hedgpeth is liable in his supervisory capacity. Defendants Tilton and the John Doe CDCR employees are liable for authorizing, approving, allowing or directing application of § 3173.1 to cases like Plaintiff's. The CDCR is ultimately responsible for the promulgation and enactment of the regulation.

As a result of the visitation restrictions, Plaintiff has suffered great physical and emotional distress, adversely affecting his appetite and ability to sleep. Plaintiff must drink medically prescribed protein drinks in an attempt to maintain his weight.

Plaintiff requests monetary damages, injunctive relief, and declaratory relief.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A. Warden Hedgpeth - Supervisory Liability

Plaintiff asserts that Defendant Hedgpeth is liable in his supervisory capacity. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, No. 09-55233, 2011 WL 477094, at *4-5 (9th Cir. Feb. 11, 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v.

4

Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Under section 1983, Plaintiff must demonstrate that each named defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Therefore, Plaintiff fails to state a claim against defendant Hedgpeth.

### B.   CDCR - Eleventh Amendment Immunity

Plaintiff names the CDCR as a defendant. Plaintiff is advised that he may not sustain an action against a state agency. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor, 880 F.2d at 1045 (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because the CDCR is a state agency, it is entitled to Eleventh Amendment immunity from suit. Therefore, Plaintiff fails to state a claim against defendant CDCR.

### C.   Inmate Appeals Process

Plaintiff alleges that defendants Thomas, Medina, Gonzalez, Chrones, Tilton, Jensen, and Grannis failed to respond properly to his inmate appeals. Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.

1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment."  Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).  Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action.  Buckley, 997 F.2d at 495.  Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a cognizable claim for the processing and/or reviewing of his 602 inmate appeals.

      **D.**     **Due Process and Freedom of Association**

Plaintiff alleges that his rights to due process and freedom of association were violated when he was denied visitation privileges.

The Due Process Clause protects against the deprivation of liberty without due process of law.  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005).  In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Id.  Liberty interests may arise from the Due Process Clause itself or from state law.  Id.  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement."  Id.  Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995).  Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

It is settled law that prisoners have no absolute right to unfettered visitation.  Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996).  Prisoners also have no right to contact visitation.  See Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994) (per curiam); Casey v. Lewis, 4 F.3d 1516, 1523 (9th Cir. 1993); Toussaint v. McCarthy, 801 F.2d 1080, 1113-114 (9th Cir. 1986), abrogated on other grounds by Sandin.  With regard to freedom of association, "[A]n inmate does not retain rights inconsistent with proper incarceration," and "freedom of association is among the rights least compatible with incarceration."  Overton v. Bazzetta, 539 U.S 126, 131, 123 S.Ct. 2162, 2167 (2003).  In the prison context, some

6

curtailment of that freedom must be expected. Id.; Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir. 2002) ("The loss of the right to intimate association is simply part and parcel of being imprisoned for conviction of a crime.").

Here, Plaintiff alleges that during eight months, from June 13, 2006 until February 22, 2007, he was not allowed any visitation with his children, and thereafter he was only allowed non-contact visitation with his children. Plaintiff has not sufficiently described a loss of visitation privileges to establish the existence of a protected liberty interest. Therefore, Plaintiff fails to state a due process claim for loss of visitation or violation of his right to association.

### E. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff alleges that Defendants violated his rights to equal protection by applying § 3173.1(d) instead of § 3173.1(e) when deciding on his rights to visitation, suggesting that he is similarly situated to persons described under § 3173.1(e).[2] Plaintiff has not alleged facts demonstrating that he was intentionally discriminated against on the basis of his membership in a protected class, or that he was intentionally treated differently than other similarly situated inmates

---

[2] The Court notes that § 3173.1(e) applies to inmates who have "been arrested, but not convicted" of crimes involving minor victims, whereas § 3173.1(d) applies to "convicted" inmates. 15 CCR §§ 3173.1(d),(e). Plaintiff is not similarly situated with inmates who are not convicted.

7

without a rational relationship to a legitimate state purpose. Therefore, Plaintiff fails to state a claim for relief for violation of his right to equal protection.

### F.  Eighth Amendment Cruel and Unusual Punishment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Id. at 731.

Denial of contact visitation simply does not amount to the infliction of pain. Toussaint, 801 F.2d at 1113 (citing Hoptowit v. Ray, 682 F.2d at 1254-55.) Even if denial of contact visitation amounted to an infliction of pain, the Eighth Amendment would not prohibit the denial unless the pain were inflicted wantonly and without penological justification. Id. at 1114 (citing Rhodes v. Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392, 2399 (1981)). To the extent that denial of contact visitation is restrictive and even harsh, it is part of the penalty that criminals pay for their offenses against society. Id. (citing Rhodes 452 U.S. at 347, 101 S.Ct. at 2399).

Plaintiff has not alleged facts demonstrating that any of the defendants knew and disregarded a substantial risk of serious harm to Plaintiff, wantonly inflicting pain without penological justification. Therefore, Plaintiff fails to state a claim for cruel and unusual punishment under the Eighth Amendment.

///

### G. Ex Post Facto Clause

Plaintiff alleges that the application of § 3173.1 to Plaintiff violated the ex post facto clause of the Constitution. The ex post facto clause prohibits a state from enacting a law that imposes additional punishment for a crime than the punishment was when the defendant committed the crime. Weaver v. Graham, 450 U.S. 24, 28, 101 S.Ct. 960, 964 (1981). A law violates the ex post facto clause under three circumstances: (1) when it punishes an act which was not a crime when it was committed; (2) when it makes a crime's punishment greater than when the crime was committed; or (3) when it deprives a person of a defense available at the time the crime was committed. Collins v. Youngblood, 497 U.S. 37, 42, 110 S.Ct. 2715, 2719 (1990). A new procedure must constitute punishment in order to violate the ex post facto clause. See United States v. Collins, 61 F.3d 1379, 1983 (9th Cir. 1995), cert. denied, 116 S.Ct. 543 (1995); United States v. Huss, 7 F.3d 1444, 1447 (9th Cir. 1993). The General Visiting regulations at CCR tit. 15 §§ 3170-3182 are regulatory and not punitive.[3] Therefore, § 3173.1 does not impose a second punishment on Plaintiff for the crime of murder, and does not constitute a new punitive measure for murder. Plaintiff therefore fails to state a claim for violation of the ex post facto clause.

### H. Injunctive and Declaratory Relief

Plaintiff requests injunctive relief via an order prohibiting Defendants from enforcing § 3173.1 against him. Plaintiff also requests declaratory relief via a determination that § 3173.1 is unlawful and unconstitutional when applied to inmates who suffer an enumerated conviction involving a minor, when there is no evidence of risk to minors in general or their own children in particular. Any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court

---

[3] CCR tit. 15 § 3170(a) provides that the visitation regulations "[were] made ... as a means of increasing safety in prisons, maintaining family and community connections, and preparing inmates for successful release and rehabilitation." CCR tit. 15 § 3170(a). The stated intent of the regulations is "to establish a visiting process ... in as accommodating a manner as possible, subject to the need to maintain order, the safety of persons, the security of the institution/facility, and required prison activities and operations." Id.

9

finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Plaintiff fails to state a cognizable claim for violation of any of his federal rights, and therefore there is no need for the Court to address Plaintiff's requests for injunctive and declaratory relief at this time.

## I. State Law Claims

Plaintiff alleges that Defendants violated state law and failed to adhere to policies mandated by the CDCR when they applied § 3173.1 to him. Plaintiff also alleges that he suffers from emotional distress intentionally inflicted by Defendants. These allegations suggest state law claims. Plaintiff is informed that violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

## V.  CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any of the defendants. In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with guidance by the Court. Plaintiff has now filed two complaints without alleging facts against any of the defendants which state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Therefore, **IT IS HEREBY RECOMMENDED** that this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983, and that this dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written

objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 8, 2011**                    /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE